KANNE, Circuit Judge,
concurring.
Because I am persuaded that our interpretation of this statute does not compel church-affiliated organizations to operate in a way that violates their religious beliefs, I join the majority opinion in full. At bottom, this statute requires a church-affiliated organization to use a particular corporate form for its retirement plans in order to receive the benefit of being exempt from ERISA. I have doubts there is a constitutional or statutory right to a retirement plan using a particular corporate structure. See Kaplan v. Saint Peter’s Healthcare Sys., 810 F.3d 175, 186 (3d Cir.2015).
I am aware, however, of religious concerns that have arisen from other statutes compelling entities to provide services that violate their religious beliefs. See Burwell v. Hobby Lobby Stores, Inc., — U.S. -, 134 S.Ct. 2751, 189 L.Ed.2d 675 (2014); Univ. of Notre Dame v. Burwell, 786 F.3d 606, 626 (7th Cir.2015) (Flaum, J., dissenting). I write separately to emphasize that this is not one of those cases. For that reason, I am comfortable joining in the majority’s well-reasoned opinion.